UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE RAMON LORENZO, NEXT
FRIEND: SUZEL LORENZO,

      Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

      Respondents.

Case No. 2:26-cv-698-KCD-DNF

_____/

**<u>ORDER</u>**

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Suzel Lorenzo, on behalf of Jose Ramon Lorenzo, who is currently detained by Immigration and Customs Enforcement. (Doc. 1.)

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Ark.*, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically[.]" *Id.* at 163. To demonstrate "next friend" status is warranted, the would-be next friend must (1) provide

an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party. *Id.*

Suzel has not met this standard. She claims her father is detained, and he cannot read or write in English or Spanish. (Doc. 1-1.) But those facts do not unlock the courthouse doors for a next friend. Take the detention point first. Every habeas petitioner is detained; that is the whole point of the writ. If merely being locked up were enough to show a lack of access to the courts, the exception would swallow the rule.

Same for the language barrier. *Whitmore* requires a showing that the real party in interest cannot proceed because of a profound obstacle—think mental incompetence or a similar disability. 495 U.S. at 163. But illiteracy is not incompetence. Jose can speak and listen. Suzel offers no reason—nor is one apparent—why she or anyone else could not simply read the petition to her father, translate its contents, and have him verify and sign it himself. Indeed, the petition itself undercuts any claim of incapacity, noting that Jose recently "signed acceptance of [a] removal order" and has been actively cooperating with immigration authorities. (Doc. 1 at 6.) If he possesses the capacity to sign official immigration documents and understand his removal proceedings, he surely possesses the capacity to sign his own habeas petition. To hold otherwise would allow any petitioner who needs a translator to

bypass the statutory command that a habeas application be signed and verified by the person seeking relief. *See* 28 U.S.C. § 2242. The next-friend device is meant to be a last resort for those truly incapable of litigating on their own behalf, not a shortcut for those who just need help with the paperwork.

Because Suzel does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Jose's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

What is more, even if there was next-friend status, Suzel does not claim to be a lawyer. So she cannot represent Jose here. *See Weber*, 570 F.2d at 514; *Marcia Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09-CV-I071-T-27AEP, 2011 WL 2981786, at *2 (M.D. Fla. July 22, 2011) ("Under Rule 17(c), a representative does not have the right to appear on behalf of a minor or an incompetent person unless that representative is represented by counsel.");

*Bey on behalf of Baxter v. Fla.*, No. 4:24CV517/MW/ZCB, 2025 WL 351425, at

*1 n.2 (N.D. Fla. Jan. 6, 2025);

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without

prejudice, terminate any pending motions as moot, and close the case.

3. The Clerk is directed to send a copy of this Order to Suzel Lorenzo,

11441 SW 242 Lane, Homestead, FL 33032.

**ORDERED** in Fort Myers, Florida on March 16, 2026.

Kyle C. Dudek
United States District Judge

4